# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:16-CR-26-TLS |
| | ) | |
| PATRICK DAVIS | ) | |

**OPINION AND ORDER**

On December 14, 2017, this Court sentenced the Defendant, Patrick Davis, to a term of imprisonment of seventy-four months. This matter is now before the Court on the Defendant's Pro Se Motion Requesting Jail Credit [ECF No. 77], in which the Defendant asserts that he should receive credit toward his federal sentence for time he spent in pretrial detention, and requests that the Court provide him with documentation showing the amount of jail time the Court is giving him.

Application of jail time credit is governed by 18 U.S.C. § 3585(b). The Defendant's Motion does not show that the provisions of this statute have been violated, as he has not shown that the period of presentence custody had "not been credited against another sentence." 18 U.S.C. § 3585(b). In any event, the execution of sentences and the computation of jail time is an administrative function under the authority of the Office of the Attorney General, which has delegated this task to the BOP. *See United States v. Wilson*, 503 U.S. 329, 334 (1992). This delegation of tasks includes responsibility for computing jail time credits and determining a sentence termination date once the defendant actually commences serving his sentence. *Wilson*, 503 U.S. at 335. Requests for credit for time served must be made initially through the BOP administrative channels, which are governed by federal regulation. *United States v. Koller*, 956 F.2d 1408, 1417 (7th Cir. 1992); *see also* 28 C.F.R. § 542.10 ("The purpose of the

Administrative Remedy Program is to allow an inmate to seek formal review of an issue relating to any aspect of his/her own confinement."). Prisoners may then seek judicial review of the BOP computation in a district court pursuant to 28 U.S.C. § 2241. *Id.*; *see also Romandine v. United States*, 206 F.3d 731, 736 (7th Cir. 2000) (holding that "requests for sentence credit, or for recalculation of time yet to serve . . . must be presented to the Attorney General (or her delegate, the Bureau of Prisons), and adverse decisions may be reviewed by an action under 28 U.S.C. § 2241, or perhaps a suit under the Administrative Procedure Act (to the extent 18 U.S.C. § 3625 permits)").

## CONCLUSION

For the reasons stated above, the Court DISMISSES the Defendant's Motion Requesting Jail Credit [ECF NO. 77].

SO ORDERED on November 1, 2018.

 s/ Theresa L. Springmann  
CHIEF JUDGE THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT